UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PAUL ROBINSON

                Plaintiff,                      16-cv-09825-NRB

      -against-                    **AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE
ANTHONY VOTINO SHIELD # 7170,
DETECTIVE DEVIN O'REILLY and
UNIDENTIFIED POLICE OFFICERS all sued
herein in their official and individual capacities,

                Defendants.

                                      **JURY TRIAL DEMANDED**

-----------------------------------------------------------X

        Plaintiff, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

        1.      This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Subject matter jurisdiction is conferred by 28 U.S.C. §1331 and §1343 (a)(3 & 4).  Plaintiff also asserts supplemental jurisdiction pursuant to 28 U.S.C. §1367 and requests that this Court hear and decide his New York State common law claims.

        2.      Under 28 U.S.C. §1391(b)(1), venue is proper in the Southern District of New York because the defendant, the City of New York, resides in that district.

## PARTIES

        3.      Paul Robinson is an African American male 58 years of age and at all times relevant he was and still is a resident of Queens County in the City and State of New York.

4.   Defendant City of New York is a Municipal Corporation within New York State.

5.   Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the defendant Police Officers more fully identified below.

6.   Defendants DETECTIVE ANTHONY VOTINO SHIELD # 7170, DETECTIVE DEVIN O'REILLY and UNIDENTIFIED POLICE OFFICERS were at all times relevant duly appointed and acting as employees of the New York City Police Department.

7.   The individual defendants are liable for directly participating and/or failing to intervene to prevent the acts described herein and are sued in both their official and individual capacities.

8.   The individual defendants were agents, servants and employees acting within the scope of their employment by defendant the City of New York (hereinafter NYC).

9.   At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## NOTICE OF CLAIM

10.   On or about September 14, 2016 and within ninety days after his claims arose, Paul Robinson served his Notice of Claim upon defendant NYC at the Office of the Comptroller of the City of New York.

11.   The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damages and injuries claimed to have been sustained.

12.   Mr. Robinson's 50-h hearing was conducted on December 5, 2016.

13.   More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

14. This action was commenced within one year and ninety days of when the plaintiff's state claims became ripe and within three years of when the plaintiff's federal claims accrued.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

15. On September 8, 2016 at approximately 6:00 a.m., while in his apartment located at 3-20 27th Street Apartment 3A in Long Island City New York defendant officers broke into Mr. Robinson's apartment, while allegedly executing a search warrant.

16. Mr. Robinson, who had just woken up, opened the door to his bedroom, and upon seeing one defendant Unidentified Police Officer with a gun drawn, he raised his hands in the air and he was immediately struck over his left eye by the defendant Unidentified Officer with his pistol, knocking him to the floor.

17. Mr. Robinson, had not committed a crime, was not suspected of having committed a crime, nor was he about to commit a crime.

18. Mr. Robinson was knocked unconscious and was severely injured with fractures to the area around his eye and he needed six stitches to close one wound located just over his left eye.

19. Mr. Robinson was handcuffed and brought into the hallway in front of his neighbors while bleeding.

20. Mr. Robinson was brought to Mt. Sinai Hospital in Astoria, while still in handcuffs where he was treated and released, without being charged with a crime.

21. The officers who escorted Mr. Robinson to the Hospital told the healthcare professionals a fictitious story of how the plaintiff became injured.

22. Mr. Robinson missed over a week at work, will be scarred, was in pain and needed repeated visits to healthcare professionals, had a facial laceration requiring repair with 6 sutures as well as a comminuted depressed left inferior orbital wall fracture, had soft

tissue injuries, had short term visual defects with possible long term sequella, was emotionally damaged and was otherwise harmed.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
<u>USE OF EXCESSIVE AND UNREASONABLE FORCE
IN VIOLATION OF THE FOURTH AMENDMENT
AND THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION</u>**

23.  Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

24.  By reason of the foregoing, the individual defendants violated plaintiff's rights under the Fourth Amendment as well as the equal protection clause of the Fourteenth Amendment to the United States Constitution, including his right to be free from the use of excessive and unreasonable force and the right to equal protection under the law.

25.  Defendant DETECTIVE DEVIN O'REILLY pistol whipped the plaintiff without the necessity to use any force much less the extreme, excessive, gratuitous force he employed.

26.  Mr. Robinson, due to his being an African American, was immediately subjected to the use of unnecessary and excessive force and treated differently and worse than similarly situated non minority citizens would be in a similar circumstance.

27.  Mr. Robinson sustained both temporary and permanent injuries, was harmed physically, emotionally, pecuniarily, was scarred and was otherwise harmed.

28.  By reason of the aforesaid, Mr. Robinson has been damaged and he is entitled to TWO MILLION ($2,000,000.00) DOLLARS in compensatory damages as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF PURSUANT TO THE
COMMON LAW OF THE STATE OF NEW YORK
<u>BATTERY</u>**

29. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

30. Defendant City of New York is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

31. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

32. By the actions described above, Mr. Robinson, without his consent, was subjected to a harmful and offensive touching, i.e., a battery by the defendant NYC through the actions of its agents and employees.

33. One Unidentified defendant pistol whipped the plaintiff without the necessity to use any force much less the extreme, excessive, gratuitously excessive force he employed.

34. Mr. Robinson sustained temporary and permanent injuries, he was harmed physically, emotionally, pecuniarily, he was scarred and he was otherwise harmed.

35. By reason of the aforesaid, Mr. Robinson has been damaged and he is entitled to TWO MILLION ($2,000,000.00) DOLLARS in compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK ASSAULT

36. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

37. By the actions described above, plaintiff was intentionally placed in apprehension of an imminent, harmful and offensive contact.

38. By reason of the actions described above, plaintiff feared being beaten further by the defendants.

39. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory damages in an amount to be determined by the trier of fact.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
### VIA FALSE ARREST

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

41. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by the defendants, including but not limited to DETECTIVE DEVIN O'REILLY via a false arrest.

42. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and plaintiff did not consent to his confinement which was not otherwise privileged.

43. Plaintiff had not committed nor did defendants reasonably believe he was about to commit any crimes when he was arrested.

44. Defendants did not have probable cause nor even a reasonable suspicion to, search and arrest the plaintiff.

45. As a direct consequence of defendants' actions, plaintiff was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

46. Among other invasions of his privacy, offenses to his dignity and violations of his rights, plaintiff was subjected to being handcuffed, searched, confined, insulted, humiliated, embarrassed, defamed in his community and he was otherwise harmed.

47. By reason of the aforesaid, Mr. Robinson has been damaged and he is entitled to compensatory damages in an amount to be determined at trial as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42U.S.C. §1988.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE COMMON LAW OF THE STATE OF NEW YORK
### VIA FALSE ARREST

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

49. Mr. Robinson's rights have been violated pursuant to the common law of the State of New York by a false arrest.

50. Mr. Robinson was confined by the defendants; defendants intended to confine Mr. Robinson; Mr. Robinson was conscious of his confinement; and Mr. Robinson did not consent to the confinement which was not otherwise privileged.

51. Defendants did not have probable cause nor even a reasonable suspicion to arrest Mr. Robinson.

52. As a direct consequence of defendants' actions, Mr. Robinson was deprived of his rights, privileges and immunities pursuant to the common law of the State of New York and more particularly, his right to be free from arrest without probable cause.

53. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Robinson was subjected to being handcuffed, searched, confined, insulted, humiliated, embarrassed and he was otherwise harmed.

54. By reason of the foregoing, Mr. Robinson has been damaged in a sum to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S

## FOURTH AND FOURTEENTH AMENDMENT RIGHTS
## VIA THE CITY OF NEW YORK
## i.e., MONELL CLAIM

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

56. Plaintiff's rights have been violated under the Fourth Amendment and the equal protection clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, by the defendant NYC via its deliberate indifference in allowing a *de facto* policy permitting members of the NYPD to use excessive force, falsely arrest and to otherwise abuse members of NYC's minority communities without fear of consequences in their employment.

57. Mr. Robinson, due to his being an African American, was subjected to the use of unnecessary and excessive force as well as an arrest without probable cause and he was treated differently and worse than similarly situated non minority citizens would be in a similar circumstance.

58. Members of NYC's minority communities are regularly stopped and falsely arrested by members of the NYPD and those officers are seldom, if ever, punished by their employer, NYC.

59. Members of NYC's minority communities are regularly subjected to the use of excessive, unnecessary and gratuitously employed force by members of the NYPD and those officers are seldom if ever punished by their employer, NYC.

60. False arrests and acts of violence against members of NYC's minority communities are sufficiently widespread and persistent to constitute an illegal custom, policy, and usage of which supervisory authorities are well aware, and are so widespread and open and notorious and so infrequently the source of disciplining the officers involved as to constitute a *de*

*facto* policy of deliberate indifference by supervisory officials to such abuses, making NYC liable to Mr. Robinson for the constitutional violations committed against him.

   61. Supervisors in the NYPD have failed to train and supervise members of the NYPD to limit further actions including the use of excessive force against members of NYC's minority communities despite overwhelming evidence that such incidents repeatedly occur.

   62. The above mentioned deprivations of the rights of NYC's minority citizens are so glaring and frequent that the failure of supervisors from the NYPD to act to prevent such further deprivations rises to an act of deliberate indifference to the rights of individuals and in fact is the proximate cause of Mr. Robinson's harms.

   63. As a direct consequence of defendants' actions and inactions, Mr. Robinson was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment and the equal protection clause of the Fourteenth Amendment to the United States Constitution in that the defendants' actions and inactions caused plaintiff to be falsely arrested, subjected to excessive force, and battered and to sustain physical and financial damages, including permanent and non-permanent physical injuries.  He was also unnecessarily subjected to being handcuffed, searched, confined, insulted, humiliated, embarrassed, and defamed in his community, was prevented from working for over a week and was otherwise harmed.

   64. By reason of the aforesaid, Mr. Robinson has been damaged and he is entitled to TWO MILLION ($2,000,000.00) DOLLARS in compensatory damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE FOURTH AMENDMENT
VIA THE FAILURE TO INTERVENE**

   65. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

66. Plaintiff's Fourth Amendment rights have been violated via the defendant Officers' failure to intervene to prevent plaintiff's false arrest.

67. Defendants who were aware of the false arrest and permitted the illegal detention of the plaintiff to commence and continue, are liable to plaintiff by virtue of their failure to act pursuant to their affirmative duty to intervene.

68. By reason of the aforesaid, Mr. Robinson has been damaged and he is entitled to compensatory damages in an amount to be determined at trial as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42 U.S.C. §1988.

**WHEREFORE,** plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff's rights under the United States Constitution and the common law of the State of New York were violated;

(B) Compensatory damages to be determined at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, plaintiff is entitled to an award of punitive damages on his federal causes of action against the individual defendants in amounts to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: May 8, 2017
      New York, New York

                                    / S /
                          Fred Lichtmacher (FL-5341)
                          The Law Office of Fred Lichtmacher P.C.
                          *Attorneys for Plaintiff*

          116 West 23rd Street Suite 500
          New York, New York 10011
          (212) 922-9066

To: Zachary Carter
   Corporation Counsel NYC
   Attorneys for NYC
   100 Church Street
   New York, New York 10007